**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN D. MCCUISTION,
SSN: 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,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6039
(D.C. No. 96-CV-482)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant John D. McCuistion appeals the determination of the district court affirming the decision of the Commissioner of Social Security to deny him disability benefits. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Claimant alleges disability since July 31, 1980, because of a severe heart condition and a severe mental impairment. The ALJ found that claimant did not suffer from a severe mental impairment through December 31, 1981, his date last insured for Title II purposes, and that, while claimant did have severe coronary artery disease during that time, he could have worked as a sedentary order clerk. On appeal, claimant takes exception to the ALJ's conclusion regarding his allegedly severe mental impairment.

Claimant asserts that his disability began in June 1980. The only medical evidence in the record, however, of claimant's mental problems predates that date by many years. In September 1968, while still in the United States Air Force, claimant was admitted to the hospital at Sheppard Air Force Base in Texas. There he was diagnosed as having "[p]sychoneurotic depressive reaction, moderate, chronic, in remission, manifested by poor concentration, tearfulness, helplessness and petulance." R. Vol. II at 285. Claimant's mental impairment was considered marked for military duty and moderate for social and industrial adaption. Id. The only other relevant references to a possible mental impairment in the medical

records prior to December 31, 1981, are two references to claimant's use of Ativan, prescribed for nervousness.  See id. at 196, 199.

After evaluating the impact on claimant's functional abilities before 1982 because of the alleged mental impairment, the ALJ concluded that "[t]he medical records fail to reveal significant limitations in the claimant's mental ability to do basic work activities through December 1981."  Id. at 21.  The ALJ found, therefore, that claimant did not suffer from a severe mental impairment through December 1981.  See id.

In his brief, claimant argues that the ALJ made various errors, all of which may be relevant when the Social Security determination process reaches step five of the traditional sequential evaluation.  See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).  The ALJ, however, implicitly decided claimant's mental impairment claim at step two of the process when he found that claimant had no significant limitations on his mental ability to do basic work activities.  R. Vol. II at 21.  At step two, "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. . . ."  Id. at 751.  Unless the claimant makes a de minimis showing of medical severity, the evaluation process ends and the claimant is determined not disabled.  See id.

Here, claimant does not even allege onset of disability until June 30, 1980. As mentioned above, there is no evidence of mental impairment, or treatment for such, between June 30, 1980 and December 31, 1981, except for the reference to claimant's use of Ativan for nervousness. Claimant still has the burden of proof at step two to show that he suffered from a severe mental impairment before the expiration of his insured status. Because there is no substantial medical evidence in the record to support this proposition, the ALJ was correct in denying claimant benefits based on a mental impairment prior to 1982.

Claimant argues that the Social Security Agency is responsible for the lack of evidence regarding his pre-1982 mental condition. He contends that the agency should have developed the record and ordered a consultative examination in conjunction with an earlier application he had filed in 1982. There is no medical or documentary evidence in the record relative to that 1982 application, except for the decision of the ALJ which does not mention an allegation of mental impairment. See R. Vol. II at 245-52. However, the attorney representing claimant in an earlier stage of this case stated in a supplemental memorandum to the ALJ that "when Mr. McCuistion appeared and testified at a hearing in 1982, he did not advise the Court of his existing mental impairment." Id. at 508.

Before an ALJ has the duty to order a consultative examination or otherwise develop the record, the claimant must identify the issue sought to be

developed. See Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997). Because there is no evidence that claimant even mentioned a mental impairment to the ALJ in the 1982 proceeding, his position regarding the agency's duty to develop the record in that regard is without merit.

This court acknowledges that claimant is very ill due to his heart problems and that his mental condition now may well be of severe proportions. The relevant inquiry for this case, however, is whether claimant had a disabling mental impairment before December 31, 1981. Because claimant has not carried his burden of proof on this issue, he is not entitled to benefits under Title II.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge